IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ISAIAH MCGUIRE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:22-CV-412-WHA-KFP |
| | ) |
| MICHAEL TOMANELLI, | ) |
| | ) |
| Defendant. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate at the Dale County Jail, filed a Complaint under 42 U.S.C. § 1983. Doc. 1. Plaintiff also filed a Motion to Proceed in Forma Pauperis, which the Court granted. Docs. 3–4. As discussed below, upon screening under 28 U.S.C. § 1915(e)(2), the Magistrate Judge RECOMMENDS that the Complaint should be dismissed with prejudice.

**I.   BACKGROUND**

In the Complaint, Plaintiff names Investigator Michael Tomanelli as the sole Defendant. Doc. 1. Plaintiff, who seeks $350,000 in monetary damages, alleges that Tomanelli falsely stated in a written deposition to support Plaintiff's arrest warrant that the victim had three gunshot wounds when Plaintiff shot the victim only once. *Id.* at 2–4. Plaintiff asserts a claim for false imprisonment based on this "suppl[y]ing [of] false information in a sworn deposition[] by a[] police officer." *Id.* at 2.

To support his Complaint, Plaintiff incorporates Tomanelli's written deposition and Plaintiff's own "sworn aff[i]davit." *Id.* at 3. In the written deposition, Tomanelli declares that he went to the Dale Medical Center on December 17, 2021, and "was met by

complainant and witness Willie-Lois Truit[,] who reported Mr. Baxter was her boyfriend and[that] her son, [Plaintiff], had shot him." *Id.* Furthermore, when Tomanelli spoke to Mr. Baxter, who was in critical condition at the time, Mr. Baxter reported that Plaintiff said "'I'll kill you' before shooting him." *Id.* at 2. Additionally, Tomanelli declares:

> I took photographs of Mr. Baxter's wounds to the best of my ability at the time. Mr. Baxter had three separate gunshot wounds that [were] later determined by medical staff at [the hospital] to be the result of a single gunshot. It was reported to me the entry wound was on the lower portion of Mr. Baxter's left leg, exited the thigh area of his left leg, and then struck his lower quadrant abdomen area.

*Id*. Based on the written deposition's factual averments, Tomanelli requested an arrest warrant for Plaintiff for attempted murder. *Id.* at 2–3.

The sworn affidavit attached to Plaintiff's Complaint repeats his allegation that he shot the victim just "one time with a gun." Doc. 1-2. Plaintiff also filed a Motion to Amend Sworn Affidavit (Doc. 3), stating that he "only shot [the] victim one time leaving [a] single wound not 3 times differently [sic]." *Id.* at 1. The remaining allegations in the motion to amend, which remains pending, are consistent with the allegations in the Complaint and Plaintiff's original sworn affidavit.

## II.   LEGAL STANDARD UNDER 28 U.S.C. § 1915(e)

Because Plaintiff is proceeding in forma pauperis, the Court must screen his Complaint under 28 U.S.C. § 1915(e)(2). *Farese v. Scherer*, 342 F.3d 1223, 1228 (11th Cir. 2003) (per curiam). Under § 1915(e)(2)(B)(ii), the Court must dismiss an action when the prisoner's complaint fails to state a claim on which relief may be granted. The same standards govern dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and

dismissal for failure to state a claim under § 1915(e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, under § 1915(e)(2)(B)(ii), the Court must dismiss a complaint that fails "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing a complaint under § 1915(e)(2)(B)(ii), a court takes the allegations as true and construes them in the most favorable light to the plaintiff. *See Hughes v. Lott*, 350 F.3d 1157, 1159–60 (11th Cir. 2003); *Maps v. Miami Dade State Att'y*, 693 F. App'x 784, 785 (11th Cir. 2017) (per curiam). A court considers "'all documents that are attached to the complaint or incorporated into it by reference' when 'deciding whether a complaint states a claim upon which relief may be granted.'" *Baptiste v. Doe*, No. 20-14564, 2021 WL 6112976, at *1 (11th Cir. Dec. 27, 2021) (quoting *Gill ex rel. K.C.R. v. Judd*, 941 F.3d 504, 511–12 (11th Cir. 2019)); *see also Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (courts must consider "documents incorporated into the complaint by reference" "when ruling on Rule 12(b)(6) motions to dismiss"). Courts hold complaints that pro se prisoners file to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), but are not required to "'rewrite an otherwise deficient pleading in order to sustain an action,'" *Rodriguez v. Scott*, 775 F. App'x 599, 602 (11th Cir. 2019) (per curiam) (quoting *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1169 (11th Cir. 2014)).

### III.   DISCUSSION

"A Fourth Amendment violation involving [a warrant-based seizure] occurs when legal process itself goes wrong—when, for example, a judge's probable-cause determination is predicated solely on a police officer's false statements." *See Williams v. Aguirre*, 965 F.3d 1147, 1158 (11th Cir. 2020) (citation and internal quotations omitted). "To prevail on his Fourth Amendment claim, [Plaintiff] must establish that the legal process justifying his seizure—the arrest warrant that listed [the charge for attempted murder]—was constitutionally infirm and that his seizure would not otherwise be justified without legal process." *Id.* at 1165. Plaintiff "can prove that his arrest warrant was constitutionally infirm if he establishes either that the officer who applied for the warrant should have known that his application failed to establish probable cause [] or that an official . . . intentionally or recklessly made misstatements or omissions necessary to support the warrant[.]" *Id.* (citations omitted).

Here, Plaintiff has not adequately alleged that the legal process justifying his seizure was constitutionally infirm. Plaintiff alleges that Tomanelli's statement that Plaintiff shot the victim three times was false because Plaintiff shot him only once or Tomanelli's statement that the victim had three gunshot wounds was false because he had only one. Doc. 1 at 2–3; Doc. 3 at 1. The first allegation reflects a misreading of the written deposition. Contrary to Plaintiff's assertion in his amended affidavit (Doc. 3), Tomanelli's deposition does not state that "Plaintiff fired three shots leaving three separate wounds." Instead, it states that the victim "had three separate gunshot *wounds* that [were] later determined by medical staff . . . to be the result of a *single gunshot*." Doc. 1-1 at 2 (emphasis

4

added). Thus, Tomanelli stated that the victim had three wounds, not that Plaintiff fired three times, and he added that medical staff determined the wounds to be the result of a single gunshot.

Regarding the second allegation, that Tomanelli's deposition was false because the victim had only one gunshot wound instead of three (*see* Doc. 3 at 1), Plaintiff's claim is apparently based on the premise that one gunshot could produce only one wound. First, Tomanelli declared in his written deposition that Plaintiff's mother said he fired only one round. Doc. 1-1 at 1. Second, Tomanelli states that the hospital staff reported to him that the single gunshot entered on the lower portion of Mr. Baxter's left leg, exited the thigh area of his left leg, struck his lower quadrant abdomen, and remained lodged inside Mr. Baxter's body. Doc. 1-1 at 2. It is plausible that a single gunshot could have created the three wounds described in Tomanelli's written deposition. Thus, absent more supporting allegations, Plaintiff's admission that he shot the victim only once does not contradict Tomanelli's statement about three wounds or compel a conclusion that the statement was false.

Furthermore, Plaintiff's Fourth Amendment claim would not be viable even if Tomanelli had falsely stated that the victim had three gunshot wounds. Plaintiff admits he shot the victim, and he does not dispute the remainder of the deposition, including Tomanelli's declaration that the victim identified Plaintiff as the shooter and that Plaintiff's mother, who witnessed the incident, also identified him as the shooter. Therefore, even without the allegedly false statement, "the judicial officer who approved the [warrant still would have] had sufficient information to find probable cause." *See Aguirre*, 965 F.3d at

5

1163; *see also Paez v. Mulvey*, 915 F.3d 1276, 1288 (11th Cir. 2019) (finding no Fourth Amendment violation where, "[a]fter reviewing all of the relevant information—what was included and what was omitted [in the affidavit]—there [] was probable cause to believe [the plaintiff] . . . had [committed the offense]").

For the above reasons, Plaintiff has not adequately alleged that Tomanelli violated his Fourth Amendment rights, and the Complaint should be dismissed with prejudice for failure to state a claim, with no opportunity to amend. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam) (stating that a court need not allow an amendment when the amendment would be futile).

## IV.   CONCLUSION

Accordingly, the Magistrate Judge RECOMMENDS the following:

1. Plaintiff's Motion to Amend Sworn Affidavit (Doc. 3) be GRANTED.

2. Plaintiff's Complaint (Doc. 1) be DISMISSED WITH PREJUDICE.

3. This case be CLOSED.

Further, it is ORDERED that by **August 8, 2022**, Plaintiff may file an objection to this Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive, or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the

Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 25th day of July, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE